E-FILED
Monday, 27 February, 2006  03:55:42 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICESHIP FUND, CENTRAL ILLINOIS CARPENTERS RETIREMENT, SAVINGS FUND, CARPENTERS PENSION AND RETIREMENT SAVINGS FUNDS OF ILLINOIS, CARPENTERS FRINGE BENEFIT FUND, and CARPENTERS LOCAL NO. 904, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )     No. ) |
| TIM BUTLER d/b/a BUTLER CONSTRUCTION, | ) ) ) ) |
| Defendant. | ) |

**COMPLAINT**

NOW COME Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, et. al., by its attorneys, Cavanagh & O'Hara, complaining of the Defendant, TIM BUTLER d/b/a BUTLER CONSTRUCTION, and allege as follows:

1.     This action arises under the Employee Retirement Income Security Act of 1974, as amended U.S.C. Title 29, Section 1145.

2.     The Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, et. al., are employee benefit funds administered pursuant to the terms and provisions of the Declarations of Trusts creating said Funds and is required to be maintained and administered

in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974 (as amended), 29 U.S.C. §1001 *et seq.* The address and place of business of the Plaintiff Funds is Central Illinois Carpenters Health & Welfare Fund, 200 South Madigan Drive, Lincoln, Illinois 62656.

3.     That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Sections 1002 (5), (11), (12) and (14).  Defendant employs individuals who are members of, and represented by the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, #1 Kalmia Way, Springfield, Illinois, 62708.  Said individuals are participants in Plaintiffs' employee benefit funds, pursuant to a Collective Bargaining Agreement by and between the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, #1 Kalmia Way, Springfield, Illinois, 62708, and Defendant.  A copy of the Collective Bargaining Agreement, in pertinent part, is attached hereto and made a part hereof as **Exhibit A**.

4.     That the Defendant is an  Employer engaged in an industry within the meaning of ERISA, 29 U.S.C., Sections 1002 (5), (11), (12) and (14).  Defendants employ individuals who are members of, and represented by, Plaintiff's Local Unions, and said individuals are participants in Plaintiffs' benefits funds, pursuant to a Participation Agreement by and between Plaintiff and Defendants which is attached hereto as **Exhibit B.**

5.     The Defendant's address is 13 Brenda Drive, Jacksonville, Illinois 62650

6.     Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29, Section 1145), the Defendant is required to make contributions to the Funds in accordance with the terms and conditions of the Fund's Agreements and Declarations of Trusts, and to pay liquidated damages in the event said contributions are not timely made, as shown by Plaintiffs' **Exhibits C,**

2

**D, and E,** attached hereto in pertinent part and made a part hereof.

7.    That despite Defendant's obligations under the Agreements to make contributions to the Fund, Defendant has repeatedly failed and/or refused to make the required payments in the total amount of $6,025.56 to the Funds for health and welfare and pension contributions for the period of July 2005 through September 2005; all of which are in violation of it's duties under the Participation Agreement and Declarations of Trusts to which the Defendant is bound. A breakdown of the amounts due are attached hereto as **Exhibit F.**

9.    That Plaintiffs have made continuous demands upon the Defendant for the contributions due for the period of July 2005 through September 2005, but Defendant has refused to satisfy said demands, as shown by Plaintiffs' **Exhibit G,** attached hereto and made a part hereof.

10.    That pursuant to the terms of the Declarations of Trusts (Exhibits C, D and E ), the Defendant is liable for reasonable attorney's fees and court costs and all other reasonable expenses incurred by the Funds in collection of delinquent contributions and liquidated damages.

11.    Attached hereto and incorporated herein as **Exhibit H** is the Affidavit of Britt W. Sowle, in support of his request for attorney's fees incurred in the prosecution of this matter.

WHEREFORE, Plaintiffs pray as follows:

A.    That Judgment be entered in favor of Plaintiffs and against Defendant for its employee contributions for the period of July 2005 through September 2005; plus pre-judgment interest, liquidated damages; and further, that Judgment be awarded for any additional months in which contributions, at the time of Judgment have not been remitted to the Fund, plus reasonable attorneys fees incurred by Plaintiffs in prosecuting this claim,

B.    That Defendant be specifically required to perform and continue to perform all it's

obligations to the Plaintiffs,

      C.     That Defendant be decreed to pay to the Plaintiffs it's reasonable attorney fees incurred in the prosecution of this action in the amount of $1,306.50, as provided by ERISA, 29 U.S.C. Section 1132 (g)(2) and <u>ARTICLE IV,</u> of the Agreement and Declaration of Trust,

      D.     That Defendant be decreed to pay all costs attendant to the cost of these proceedings, and

      E.     That Plaintiffs be awarded such other and further relief by the Court as may be deemed just and equitable, all at Defendant's cost.

CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, et. al., Plaintiffs,

By:    s/ Britt W. Sowle

        BRITT W. SOWLE
        **CAVANAGH & O'HARA**
        Attorneys for Plaintiffs
        1609 North Illinois
        Swansea, Illinois 62226
        Telephone: (618)222-5945
        Fax: (618)222-6755
        britt@cavanagh-ohara.com

S:\c&o\Files\Carpenters\CARPH&W\Butler Construction\Complaint.del.wpd

**E-FILED**
Monday, 27 February, 2006 03:55:52 PM
Clerk, U.S. District Court, ILCD

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, et al.,

**DEFENDANTS**

Tim Butler d/b/a BUTLER CONSTRUCTION

**(b)** County of Residence of First Listed Plaintiff   Logan
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Morgan
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Britt W. Sowle
Cavanagh & O'Hara
1609 North Illinois Street
Swansea, IL  62226          618/222-5945

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ■ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Breach of collective bargaining agreement, 29 U.S.C. § 185; Recovery of employee benefits, 29 U.S.C. §1132

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   February 22, 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**E-FILED**
Monday, 27 February, 2006  03:56:11 PM
Clerk, U.S. District Court, ILCD

# COLLECTIVE BARGAINING AGREEMENT

Between

**Central Illinois Builders of A.G.C.
Builders Association of Tazewell County
McLean County Contractors Group
Greater Peoria Contractors and
Suppliers Association, Inc.**

And

## Mid-Central Illinois Regional Council of Carpenters





SPRINGFIELD, LOCAL #16
CHAMPAIGN, LOCAL #44
BLOOMINGTON, LOCAL #63
PEORIA, LOCAL #183
QUINCY, LOCAL #189
DANVILLE, LOCAL #269
MATTOON, LOCAL #347
PEKIN, LOCAL #644
LITCHFIELD, LOCAL #725
DECATUR, LOCAL #742
JACKSONVILLE, LOCAL #904
MILLWRIGHTS, LOCAL #1051

**MAY 1, 2003 through APRIL 30, 2006**

**EXHIBIT**

A

designed to improve quality, safety and productivity in a competitive environment. To this end, the Unions may provide to Employers current lists of those tradesmen that successfully complete upgrade training programs so that they will be naturally rewarded through increased work opportunities for reinvesting in their collective futures.

It is further agreed that the Unions will provide to Management Associations specific information on the scope of any Journeyman upgrade training.

## ARTICLE XXII
## TRUST AGREEMENTS, ETC.

**Section 1.** The Employer agrees that Pension and Welfare Fund contributions under this Agreement are to be made to the Independent Employee Benefit Fund, Central Illinois Health & Welfare Fund, Construction Industry Welfare Fund of Central Illinois, and Danville Carpenters Health, Welfare and Pension Fund at the hourly rates specified elsewhere in this Agreement, and that such contributions are to be made on behalf of all persons covered by this Agreement for all hours worked by such persons for the Employers.

The Employer agrees to be bound by the terms of the Trust Agreements establishing the various above mentioned Funds, as they now exist and as they may hereafter be amended, as if the terms of such Agreements were fully set forth herein. The Employer understands and acknowledges that the Trustees of those Funds have the right to make reasonable rules relating to the administration of the Funds, including rules pertaining to the payment of fringe benefit contributions as specified in this Agreement, and pertaining to their rights and remedies as against Employers who are delinquent in making payment of such contributions to the Funds. The Employer agrees to be bound by such rules as currently exist or may from time to time be established or amended. Copies of such rules can be obtained by the Employer by request from the various Funds Administrator.

**Section 2.** **Supervisor Clause.** The bargaining unit shall also include, for purposes of Pension and Welfare Fund contributions only, such persons in the employ of the Employer referred to herein as "Supervisors," as that term is defined in the Labor-Management Relations Act of 1947, as amended, provided that such Supervisor:

**(A)** has heretofore been included as a member of the "bargaining unit" on any basis, under the terms of this Collective Bargaining Agreement, any predecessor Collective Bargaining Agreement, or any other Collective Bargaining Agreement entered into by this Local Union or Regional Council, and

**B)** was an Employee on whose behalf within the five (5) year period prior to the effective date of this Agreement contributions were required to be made or were in fact made to any of the various Funds as specified above for at least five thousand (5,000) hours worked.

It is expressly understood that the purpose of this provision is limited solely to permitting persons who have participated in the aforesaid Pension and Welfare Funds as members of the Bargaining Unit to continue to do so upon their promotion to Management positions, and is in no respect intended to include such persons within the scope of the Bargaining Unit for purposes of Union membership, Collective Bargaining or any other provisions of this Agreement other than provisions governing the payment of Pension and Welfare contributions.

It is further understood and agreed that since such Supervisors are not subject to the wage provisions of this Agreement, and may be paid on a salaried basis, contributions on behalf of such persons to the Pension and Welfare fund shall be on the basis of one hundred sixty (160) hours for each and every month during which such Supervisor receives any wages from the Employer.

**Section 3.** **Language for Company Owners/Sole Proprietors that are not Incorporated.** Owners and/or Sole Proprietors engaged in the industry may participate in the Pension, Annuity, and Health and Welfare Funds provided, however, that the appropriate Agreements and Declarations of Trust and/or Administrative Rules of the appropriate Trusts specifically authorizes such participation. Each Owner/Sole Proprietor must contribute to the Fund the appropriate contribution rate adopted by the Trustees based on the number of hours actually worked. The Owner/Sole Proprietor must notify the Local Union in writing not less than thirty (30) days prior to the beginning of May 1st of each year as to whether or not each Owner/Sole Proprietor opts for said coverage and agrees to the terms and conditions of this Article and the Agreement and Declaration of Trust for the Fund. In the event that each Owner/Sole Proprietor opts for the coverage, it is specifically agreed and understood that such coverage shall continue for the duration of the current Collective Bargaining Agreement.

**Section 4.** **Forms, Payment Date and Audit Rights.** Forms to be supplied by the Trustees of the various Funds shall be completed by each Employer and the Employer shall trans-

mit the required amounts to the depository on or before the 15th day of each month for all contributions attributable to the prior calendar month. In the event the Trustees of any Fund or the Union question the authenticity or accuracy of the information completed on the forms or in the event of a belief that the amounts being transmitted are not in accordance with the terms of this Agreement, the Trustees of any Fund or the Union shall have the right after giving notice to inspect the books of any Employer or to have an examination of same made by a Certified Public Accountant. In the event any discrepancy is discovered, the Employer shall bear the accounting cost incurred by the Trustees of the Union.

**Section 5.    Required Documents.** Prior to or immediately upon any Employer becoming signatory to the Agreement they shall furnish the following to the Union:

**(A)** A Certificate of Workman Compensation Insurance Policy issued by a Company authorized to do business in the State of Illinois.

**(B)** Employer's State and Federal Tax Identification Numbers.

**(C)** A copy of the Illinois State Certificate regarding Unemployment Insurance Compensation.

**(D)** A Surety Bond may be required of any Employer who was not signatory to the previous Agreement or has been listed as a delinquent contributor by Health and Welfare and/or Pension Funds included in this Agreement. In the event that any Employer, covered by this Agreement, should become delinquent, such Employer shall be required to post a bond in the amount specified below, or at the Union's option, provide a cash bond in the same amount.

| | |
|---|---|
| **One (1) to Five (5) Employees** | **$ 10,000.00** |
| **Five (5) to Ten (10) Employees** | **15,000.00** |
| **Ten (10) to Fifteen (15) Employees** | **20,000.00** |
| **Fifteen (15) or more Employees** | **25,000.00** |

**Section 6.**    Each Employer shall be required to furnish, at his own cost and expense, a bond, with a recognized and responsible corporate surety, in an amount determined by the Local Union guaranteeing the payment of wages, all payroll deductions and fringes as set forth in Addendum A or he shall deposit and maintain with the Local Union, as collateral security for the payment of wages and fringes an amount in cash or in securities acceptable to the Local Union. The amount of bond, cash or securities shall be based upon an estimated amount

equal to thirty (30) days wages and fringes. After the Employer has employed Employees of the Union for two (2) years without default in payment of wages and fringes, he will not be required to furnish such bond or securities.

**Section 7.    Failure to Comply.** Anything to the contrary notwithstanding, the Union shall have the right to picket for non-payment of wages, fringes and/or other deducts from Employee's check, after giving five (5) days notice to the Owner's Representative, Contractor and Sub-Contractor where applicable.

Failure of the Employer to comply with the provisions of Articles I, III or VII, Pre-job Conference shall permit the Union the same options upon giving of thirty (30) hours notice to the same parties. It is understood that time is of the essence as regards to compliance and in order to be in full compliance an Employer will have to comply with the requirements of the Agreement at the time specified therein. The remedy provided for herein for the Union, shall not be exclusive of any other remedy by the way of suit in law or in equity, or otherwise whether brought by the Union or in the case of the Fringe Benefit Funds, by the Trustees or Administrators of any of the Funds.

### ARTICLE XXIII
### EMPLOYERS WORKING

**Section 1.**    Three (3) Owner/Partners may work with their tools on construction projects within the Mid-Central Illinois Regional Council, but must observe and comply with all applicable work rules and by-laws, and shall remit all fringe benefits, dues checkoff and assessments in effect, in accordance with this Agreement on all hours worked.

### ARTICLE XXIV
### TOOLS & EQUIPMENT

**Section 1.    Cutting and Welding.** Employees covered by this Agreement shall do all cutting and welding whether acetylene or electric when used in connection with any work within the jurisdiction of this Agreement. Any employee covered by this Agreement in cutting or welding shall be furnished an Employee, from within the bargaining unit, currently on the job site to watch after his safety and to protect him from fire, if it is determined necessary by the Job Superintendent.

The Employer shall furnish when engaged in any burning or welding, if required, such protective clothing as gloves, sleeves, aprons, and hoods.

All Employees who are engaged in certified welding shall receive not less than fifty cents ($ .50) per hour above the minimum hourly rate of pay.

**Section 2.**    The Employer shall furnish all drill bits, hacksaw blades, files, taps and dies, all socket wrenches of over 1/2" drive, all power tools and all star drills.

**Section 3.**    Employers and Employees shall observe all necessary safety precautions.

**Section 4.**    No power tools shall be used on any job of the Employer that are found to be unsafe by the Steward or Business Representative of the Local Union.

**Section 5.**    All Employees shall have their tools sharp when they report to work on a job.

**Section 6.**    The Employer shall provide, as required by job conditions, a suitable shed or facility for the exclusive use of Bargaining Unit Employees. Such facilities shall be heated, lighted and ventilated.

**Section 7.    Hand Tools that an Employee is Required to Furnish.** Each Employee is required to furnish, for his individual use only, all of those hand tools customarily required of an Employee to perform his duties.

**Section 8.    Tools that an Employer is Required to Furnish.** The Employer shall furnish all power operated tools, machinery and equipment, pop-rivet guns, dry-wall squares, Whitney punches, metric tools, dial indicators, micrometer over one inch (1"), precision levels over eight inches (8"), adjustable wrenches over twelve inches (12"), sockets over one-half inch (1/2") drive, open-end or box wrenches over one and one-eight inches (1 1/8"), taps, dies and reamers. The Employer shall replace all expendable tools such as drill bits, taps, hack-saw blades, files, hammer handles, etc. that are worn out or broken on the job that an Employee may use in the performance of his duties.

**Section 9.    Employers Responsibility for Employees Tools that are Lost because of Fire, Theft or Water Damage.** The Employee shall at all times be responsible for his own tools during working hours. In the event said tools are stored in the job tool box or tool shed under the control of the Employer; in which case the Employer agrees to assume responsibility for theft, fire or water damage of all tools not to exceed Four Hundred Dollars ($400.00) for Carpenter Tools and One Thousand Dollars ($1,000.00) for Millwright Tools. When said tools are lost or damaged by cause as herein stated, the Employer agrees that he will, within three (3) working days, replace the tools with like quality tools, or if they are not available at that time will reimburse the Employee for his loss at current replacement value. If requested by the Employer, the Employee will furnish a complete inventory upon arrival at the job site.

## ARTICLE XXV
## MISCELLANEOUS

**Section 1.**    At least one (1) Carpenter shall be employed during the pouring of concrete in or on forms built to hold concrete except when pouring concrete in forms for sidewalks, slabs on grade, curbs and gutters. He will perform such work as assigned in the area within view of the pour.

**Section 2.    Tool Crib.** At any time Tool Cribs are used on jobs and an Employer is made responsible for issuing such tools and equipment as are used by members of the Bargaining Unit, a Bargaining Unit Employee shall be placed in charge of such facilities in order that such tools or equipment may be maintained and issued in good order.

**Section 3.**    The Employer shall furnish or have reasonable conveniently available toilets for Employees on all jobs.

**Section 4.**    These toilets shall be placed at the time work starts and continued until such time as the permanent toilets are put in operating condition. Whenever temporary toilets are to be provided, they shall be provided with water for flushing and shall be connected to a sanitary sewer, or shall be of a chemical type. In case of chemical toilets, these units will be serviced as needed or required to keep them in a sanitary condition. Pit privies will not be permitted.

## ARTICLE XXVI
## FRINGE BENEFITS

**Section 1.**    It is agreed that the Union will have the option of accepting contributions in Health and Welfare, Annuity, Training Fund and Pension Fund in lieu of wages with the approval of the Trustees of the respective Funds.

In the event the contributions required to be paid into the respective Health and Welfare is increased by order or resolution of Trustees at a later date, such increase shall be deducted by the Employer from the Employee's wages and the Employer shall remit such increases to the respective Funds. Provided, however, that the change is made at the anniversary date of the Agreement.

**Section 2.** If payment is not received in the Fund Office on or before the day of the month due, such payment is subject to a late payment charge plus collection costs.

**Section 3.** Upon receipt of notice in writing to the Employers from the Union, the Employer shall contribute an amount, as designated in such notice, to an Annuity plan in lieu of wages. The contribution for such an Annuity plan shall be paid in lieu of wages, and shall be effective on the next anniversary date of the Agreement, unless the Annuity contribution is deducted from the Pension contribution, then it shall be effective on the first day of the calendar month following thirty (30) days advance notice. For example, if such notice is given on May 20, the contribution shall be effective July 1.

**Section 4.** Apprenticeship - Training Funds, IAF Funds and Dues Check Offs shall be in accordance with the Area Agreements. These Funds shall be increased or decreased on the anniversary date of the Agreement if possible. In case of necessity, these Funds shall be increased or decreased on the first day of the calendar month following thirty (30) days advance notice. For example, if such notice is given on May 20, the contribution shall be effective July 1.

The Trustees, through their Fund Auditor, may examine the pertinent payroll records of each Employer at the Employer's place of business, whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the trust.

Each Employer shall pay all fringe benefits and check offs and deductions on all Employees into the respective Fringe Benefit Funds in the jurisdiction of each Local Union within the Regional Council in which the Employer has been working.

## ARTICLE XXVII
## INDUSTRY ADVANCEMENT FUND

**Section 1.** Associations signatory to this Agreement, with an Industry Advancement Fund, hereinafter called IAF, shall be financed by payments provided for the purpose of the said IAF, which purposes shall be generally, to benefit and promote the building construction industry. Provided, however, that no expenditure from said Fund shall be made for any activity injurious to the Union.

**Section 2.** No part of the Funds allocated for the Industry Advancement Fund shall be spent directly or indirectly for any of the following purposes:

**(A)** Promotion of legislation opposed by the Union or opposition to legislation favored by the Union;

**(B)** Subsidies, indemnities or payments of any kind to Contractors during, for, or in connection with a period of strike, lockout or work stoppage;

**(C)** Litigation before any court or administrative body against the Union or the payment of any expenses directly or indirectly involved in any such litigation;

**(D)** Publicity or Public Relations Campaigns in support of Management's position respecting pending or prospective bargaining negotiations with the Union; Any activity injurious to the Union.

**Section 3.** Failure to make IAF contribution shall be deemed a direct violation of this agreement. Any employer signatory to this agreement who fails to make the IAF contribution shall be subject to a penalty of ten percent (10%) of the previous month's non-payment. Additional penalties of ten percent (10%) shall be due every thirty (30) days thereafter, until payment is made. A non-contributing contractor will also be subject to all reasonable legal collection fees relating to the non-payment of the IAF contribution.

## ARTICLE XXVIII
## CHECK OFF PER CAPITA TAX

**Section 1.** Upon receipt of an Employee's written authorization, which shall be irrevocable for not more than one (1) year, or the termination of Agreement, whichever occurs sooner, the Employer shall deduct from such Employee's wages in the amounts provided in the Addendum of this Agreement, the dues; for the Mid-Central Illinois Regional Council of Carpenters and the wage assessment Local Union Funds with which the Local Unions are party hereto and affiliated and remit same to the duly authorized Representative of the Mid-Central Illinois Regional Council of Carpenters and the Local Unions as directed in writing by said Council together with a list of the names of Employees from whose pay deductions are made.

Such written authorization may be revoked by the Employee by written notice by registered or certified mail to the Employer, the respective Local Union, and the Mid-Central Illinois Regional Council of Carpenters received by all during the ten (10) day period prior to the end of any applicable yearly period, or during the ten (10) day period prior to termination of any applicable Collective Bargaining Agreement, whichever occurs sooner. In

RECOGNITION AGREEMENT AND ADOPTIION OF
ALL COLLECTIVE BARGAINING AGREEMENTS TO WHICH THE
MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS IS PARTY

THIS AGREEMENT made and entered into by and between
Butler Construction
("the EMPLOYER") and the MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF
CARPENTERS, affiliated with the United Brotherhood of Carpenters and Joiners
of America ("the REGIONAL COUNCIL").

W10668

In consideration of the benefits to be derived and other good and
valuable consideration, the parties agree and contract as follows:

1. The EMPLOYER agrees that if a majority of its employees authorize the
REGIONAL COUNCIL to represent them in collective bargaining, the EMPLOYER
will recognize the REGIONAL COUNCIL as the National Labor Relations Act
Section 9(a) majority collective bargaining agent for all employees
performing carpentry work on all present and future jobsites, within the
REGIONAL COUNCIL's territorial jurisdiction.

2. The parties agree to be bound by and observe the terms and condi-
tions of all current collective bargaining agreements to which the REGIONAL
COUNCIL is a party, including, but not limited to, the REGIONAL COUNCIL's
May 1, 2003 to April 30, 2006 Master Agreement titled "Collective Bargaining
Agreement between Central Illinois Builders of A.G.C., Builders Association
of Tazewell County, McLean County Contractors Group, Greater Peoria
Contractors and Suppliers Association Inc., and Mid-Central Illinois
Regional Council of Carpenters".

3. Further, the EMPLOYER agrees to be bound by and observe the terms
and conditions of any and all successor agreements negotiated by the
REGIONAL COUNCIL covering all employees performing carpentry work, unless
the EMPLOYER provides the REGIONAL COUNCIL written notice of its intent to
amend or terminate the current collective bargaining agreement or any
successor agreement at least sixty (60) days, but not more than ninety (90)
days prior to said agreement's expiration date.

4. Relevant EMPLOYER Information:

Federal ID # 20-1614718        Unemployment # 4406587

Certification of Workers' Compensation Insurance Coverage: _____

Name of Workers' Compensation Insurance Carrier:
Pekin Insurance

Expiration Date of Workers' Compensation Ins. Policy: Sept. 05

Name and Address of Insurance Agent: Grojean Insurance & Realty

360 W. State, Jacksonville, IL 62650

5. THIS AGREEMENT is to be given full force and effect as of the date
that appears below.

IN WITNESS WHEREOF, the parties have executed this Agreement this
_____ day of April , 2005 .
        Month                    Year

Butler Construction
NAME OF COMPANY

13 Brenda Drive
STREET ADDRESS

Jacksonville, IL 62650
CITY      STATE      ZIP

217-243-4545
(AREA CODE) TELEPHONE NUMBER

BY:    Tim Butler
       (PLEASE PRINT)

_____
       (Signature)

Owner
TITLE

MID-CENTRAL ILLINOIS REGIONAL
COUNCIL OF CARPENTERS

#1 KALMIA WAY

SPRINGFIELD, ILLINOIS 62708

217-744-1831

BY: _____
BUSINESS REPRESENTATIVE FOR
CARPENTERS LOCAL # 904

217-245-8711
BUSINESS REPRESENTATIVE'S
TELEPHONE NUMBER

**EXHIBIT**
tabbies
B



# AGREEMENT AND DECLARATION OF TRUST

## OF

# CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS

EFFECTIVE: May 1, 1998

Prepared By:

Baum, Sigman, Auerbach,
Pierson & Neuman, Ltd.
200 W. Adams Street, Suite 2200
Chicago, IL  60606
312/236-4316



**EXHIBIT**

D.   The Trustees of the "CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS", the "CARPENTERS PENSION FUND OF ILLINOIS", and the Trustees of the "CARPENTERS WELFARE FUND OF ILLINOIS" as to:

(a)  Such of their Employees who are included within the bargaining unit of the collective bargaining agreement entered into with the Union requiring said Trustees to make Employer Contributions to the Trust Fund in their behalf, and

(b)  Such of their Employees who are not included within the bargaining unit of the collective bargaining agreement.

TRUSTEES:   The Board of Trustees consisting of Employee Trustees and Employer Trustees, collectively appointed to act hereunder, as the same shall be from time to time, constituted.

EMPLOYEE TRUSTEE:  A trustee appointed solely by the Participating Unions as hereinafter provided.

EMPLOYER CONTRIBUTIONS:  Payments required to be made by Employers to the Trust Fund in accordance with applicable collective bargaining agreements, or such other agreements requiring the making of such payments.

EMPLOYER TRUSTEE:   A trustee appointed solely by the Associations as hereinafter provided.

AGREEMENT AND DECLARATION OF TRUST:   This Agreement and Declaration of Trust, set forth in this Instrument, and all amendments and modifications hereto, as shall be hereafter made.

TRUST FUND:  The "CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS" which shall include all funds received by the Trustees in the form of "Employer Contributions", together with all contracts (including dividends, interest, refunds and other funds payable under such contracts), investments made by the Trustees, and all income, increments, earnings and profits therefrom, and any and all other funds or property received and held by the Trustees by reason of their Acceptance of this Agreement and Declaration of Trust.

RETIREMENT SAVINGS PLAN:   The plan, program, method, rules and procedures, for the payment of benefits from the Trust Fund, and the amendments thereto, which have been established and adopted by the Trustees.

ERISA:  The "Employee Retirement Income Security Act of 1974."

3

# ARTICLE VI
## CONTRIBUTIONS TO THE TRUST FUND

Section 1.  Employers, parties to this Agreement and Declaration of Trust, by virtue of

their:

A.    Being bound to a written collective bargaining agreement entered into by them or through their collective bargaining representative and the Participating Union, requiring Employer Contributions to the Trust Fund, on behalf of Employees within the bargaining unit thereunder, or

B.    Being bound by written declaration, or a written agreement with a Participating Union or employee benefit fund, whereunder they shall have agreed to make Employer Contributions to the Trust Fund on behalf of their Employees covered by such written declaration or agreement,

shall make prompt payment of the required Employer Contributions in such amount and upon the

terms and conditions specified in the applicable collective bargaining agreement with the Union,

or other written agreement, in effect from time to time.

Section 2.  The obligation of the Employers to make the required Employer Contributions,

as herein specified, shall be absolute and not subject to any set-off or counterclaim the Employer

may have, or claim to have for any liability of a Participating Union, or an Employee.

Section 3.  Employer Contributions received by the Trustees shall be deposited to the

account of the Trustees in such bank or banks as designated by the Trustees.

## ARTICLE VII
## ESTABLISHMENT AND ACCEPTANCE
## OF THE RETIREMENT SAVINGS PLAN

Section 1.  There has been established and adopted a plan to provide for an eligible

Employee, retirement savings benefits, permanent disability benefits, non-forfeitable benefits, and

to provide death benefits in the event of the death of an eligible Employee.

7

## ARTICLE III
## DUTIES AND POWERS OF THE TRUSTEES

Section 1. In the administration of the Retirement Savings Plan, the Trustees, consistent

with the purposes of the Trust Fund shall have power and authority to:

A.    Require timely contributions to the Trust Fund by Employers in accordance with written agreements between the Employer or his collective bargaining agent and the Union. The Trustees shall have power to demand, collect, and receive Employer Contributions for the purpose specified herein and shall have power to specify the time, manner, and place of payment thereof, and the right to institute, prosecute or intervene in any proceedings at law or in equity or in bankruptcy as may be necessary or desirable to effectuate the collection of Employer Contributions. In the event that upon audit made by the Trustees and/or upon other evidence it is found by the Trustees that an Employer has failed to make required Employer Contributions, the Trustees are authorized and empowered:

(1)    To assess and receive from such Employer all costs of the audit.

(2)    In the administration of the Retirement Savings Plan, the Trustees, consistent with the purposes of the Trust Fund, shall have the power and authority to assess and receive from such Employer as liquidated damages those percentages set forth below of the amount found to be delinquent, in that the failure of the Employer to make the required payment of Employer Contributions imposes an additional burden and expense upon the Trustees in the collection thereof; in the administration of the Trust Fund, including but not limited to the processing of late Contributions Reports, correspondence and other communication with said Employer; and, in addition thereto, may cause a loss of benefit of the use of amount required to be paid, all of which are difficult of ascertainment.

(a)    to assess and receive from Employers as liquidated damages an amount equal to ten (10%) percent of the amount found to be delinquent in those instances where the delinquent contribution is collected either without the necessity of instituting a lawsuit or where collection is effectuated through a lawsuit.

(b)    in any action filed in the United States District Court for the Northern District of Illinois, or any other District, by the Trustees of this Plan to enforce Section 515 of the Multi-Employer Pension Plan Amendments Act of 1980, a Judgment in favor of the Trustees of this Fund shall include liquidated damages in an amount equal to twenty (20%) percent of the unpaid contributions.

18

(3)    To impose and receive from such Employer any amounts Trustees are required to pay for the benefit of an eligible Employee of such Employer, or an Employee who would be eligible except for the failure of such Employer to make required contributions on his behalf.

(4)    To impose and receive from such Employer all costs, audit expenses and attorneys' fees incurred by the Trustees in enforcing the provisions hereof, whether by litigation or otherwise.

(5)    To require such Employer to make weekly deposits of Employer Contributions in an amount determined by the Trustees, based on objective standards, provided that the Trustees have given such Employer reasonable notice of such requirement for weekly deposits, the amount to be deposited, the date such deposits are due and the basis on which the weekly deposit is determined and required.

(6)    To require such Employer to furnish to the Trustees a bond, with reputable surety thereon:

   (a)    with the Trustees as obligees thereunder;

   (b)    in an amount determined by the Trustees consistent with the anticipated future obligations of such Employer; and

   (c)    with notice provisions acceptable to the Trustees consistent with the purposes of such bond.

The remedies provided herein shall be exclusive of any other remedies available to the Trustees, and shall have no effect upon such remedies.

B.    Make such uniform rules and regulations as are consistent with and necessary for effectuating the provisions of this Agreement and Declaration of Trust, including but not limited to the following:

   (1)    To develop procedures for the establishment of credited service of Employees, including the means of affording Employees and Employers the opportunity to object thereto, and to establish such facts conclusively.

   (2)    To prescribe rules and procedures governing the application for and determination of benefits for Employees and beneficiaries, it being agreed that such rules and regulations otherwise referred to as the Retirement Savings Plan shall be published in the form of a uniform booklet. This booklet and other printed material issued by the Trustees will bear a Union Label.

19

## PART V

### MISCELLANEOUS PROVISIONS

#### ARTICLE I
#### PROVISIONS RELATING TO
#### THE UNION AND THE EMPLOYERS

Section 1. Nothing in this Agreement and Declaration of Trust shall be construed as making a Participating Union, an Association, or any Employer liable for the payments required to be made by any other Employer. Each Employer's liability shall be limited solely to the payment of the amount due under the applicable collective bargaining agreement or written agreement requiring the making of Employer Contributions to the Trust Fund, except as otherwise provided herein.

Section 2. None of the Employers shall be liable for the failure of the Trustees to provide the benefits authorized in the Retirement Savings Plan for any Employee or beneficiary, or for any default or neglect of the Trustees.

Section 3. Each Employer shall promptly furnish to the Trustees, on demand, any and all necessary records of dates of birth, social security numbers, amount of wages paid and hours worked and any other payroll records and information including state and federal employment tax returns, that the Trustees may require in connection with the administration of the Trust Fund and for no other purposes. The Trustees or their authorized representatives may examine the payroll books and records, including state and federal employment tax returns of each Employer whenever such examination is deemed necessary by the Trustees in connection with the proper administration of the Trust.

**E-FILED**
Monday, 27 February, 2006  03:56:51 PM
Clerk, U.S. District Court, ILCD

AGREEMENT AND DECLARATION OF TRUST

OF THE

CARPENTERS PENSION FUND OF ILLINOIS



**EXHIBIT**

tabbies

D

such priority may be allowed by law.

B. Anything contained in this Agreement and Declaration of Trust to the contrary notwithstanding, no part of the corpus or income of the Trust Fund shall be used for or diverted to purposes other than for the exclusive benefit of Employees, retired Employees, or their beneficiaries, or for the purposes and applications of the Trust Fund as in this Agreement and Declaration of Trust set forth.

C. All funds received by the Trustees hereunder, as a part of the Trust Fund, shall be deposited by them in such Bank or Banks or Trust Company or Trust Companies as the Trustees may designate for that purpose, and all withdrawals of such funds shall be made by the Trustees, pursuant to the authorization provided in Part II, Article III of this Agreement and Declaration of Trust.

## ARTICLE V
### CONTRIBUTIONS TO THE TRUST FUND

Section 1. Employers, parties to this Agreement and Declaration of Trust, by virtue of their:

> (a) being bound to a written collective bargaining agreement entered into by them or through their collective bargaining representative and a Participating Union, requiring Employer Contributions to the Trust Fund, on behalf of Employees within the bargaining unit thereunder, or

> (b) being bound by written declaration, or a written agreement with a Participating Union, whereunder they shall have agreed to make Employer Contributions to the Trust Fund on behalf of their Employees covered by such written declaration or agreement

shall make prompt payment of the required Employer Contributions in such amount and upon the terms and conditions specified in the applicable collective bargaining agreement with the Participating Union, or other written agreement, in effect from time to time.

Section 2. The obligation of the Employers to make the required Employer Contributions, as herein specified, shall be absolute and not subject to any set-off or counter-claim the Employer may have, or claim to have for any liability of a Participating Union, or an Employee.

## ARTICLE II
## ESTABLISHMENT OF FUNDING PROCEDURES

Section 1. Upon this Agreement and Declaration of Trust becoming effective, the Trustees shall develop a policy for the funding of the Pension Plan consistent with its needs and the requirements of ERISA. The policy so developed shall be reduced to writing and incorporated as a part of the records of the Trustees.

At least annually, at a meeting called for such purpose upon a date specified by the Trustees, the funding policy shall be reviewed and all actions taken thereon fully recorded in the Minutes of such meeting as a part of the records of the Trustees.

In the development of a policy for the funding of the Pension Plan, the Trustees shall consult with the accountants, actuaries, and Investment Committee designated by the Trustees, and other professional help employed by the Trustees of the CARPENTERS PENSION FUND OF ILLINOIS.

Section 2. The Trustees may appoint an Investment Manager, qualified pursuant to provisions of Section 3(38) (B) ERISA who shall, before assuming any duties or authority hereunder, acknowledge in writing that he is a fiduciary with respect to the Pension Plan, to manage and control all or part of the Trust Fund, with power to direct the acquisition and disposition of such assets. The Investment Manager shall have the responsibility to implement the policy for the funding of the Pension Plan as developed by the Trustees and communicated to the Investment Manager in writing.

No Trustee shall be liable for the acts or omission of an Investment Manager, appointed pursuant to authority herein granted, or be under any obligation to invest or otherwise manage any asset of the Pension Plan which is subject to the management of such Investment Manager. An Investment Manager so appointed shall serve at the pleasure of the Trustees, but may resign, by written resignation directed to the Trustees, at any time.

## ARTICLE III
## DUTIES AND POWERS OF THE TRUSTEES

Section 1. In the administration of the Pension Plan, the Trustees, consistent with the purposes of the Trust Fund shall have power and authority to:

> A. Require immediate contributions to the Trust
> Fund by Employers in accordance with written
> agreements between the Employer or his collective
> bargaining agent and a Participating Union. The
> Trustees shall have power to demand, collect, and
> receive employer contributions for the purpose

specified herein and shall have power to
specify the time, manner, and place of
payment thereof, including the right to
institute, prosecute or intervene in any
proceedings at law or in equity or in
bankruptcy as may be necessary or desirable
to effectuate the collection of Employer
Contributions. In the event that upon audit
made by the Trustees and/or upon other evidence
it is found by the Trustees that an Employer has
failed to make required employer contributions,
the Trustees are authorized and empowered:

    1) to impose and receive from such Employer
all costs of the audit.

    2) to assess and receive from such Employer
as liquidated damages an amount equal to ten
(10%) per cent of the amount found to be delin-
quent, in that the failure of the Employer to
make the required payment of Employer Contributions
imposes additional burden and expense upon the
Trustees in the collection thereof; in the adminis-
tration of the Trust Fund, including but not
limited to the processing of late contribution
reports, correspondence and other communication
with said Employer; and, in addition thereto
may cause a loss of benefits to employees,
and loss of benefit of the use of amounts
required to be paid, all of which are difficult
of accurate ascertainment.

    3) to impose and receive from such Employer
any amounts Trustees are required to pay out
for the benefit of an eligible Employee, or
any Employee who would be eligible except for
the failure of his Employer to make required
contributions on his behalf.

    4) to impose and receive from such Employer
all costs, audit expenses, and attorneys fees
incurred by the Trustees in enforcing the
provisions hereof whether by the institution of
litigation or otherwise.

**E-FILED**
Monday, 27 February, 2006  03:57:04 PM
Clerk, U.S. District Court, ILCD

### CENTRAL ILLINOIS CARPENTERS
### HEALTH AND WELFARE TRUST FUND

### AS AMENDED AND RESTATED EFFECTIVE MAY 1, 1997

WHEREAS, an Agreement and Declaration of Trust was entered into on March 24, 1988 between Builders Association of Tazewell County, Central Illinois Builders of A.G.C., McLean County Contractors Group, Greater Peoria Contractors and Suppliers Association, Inc., and Associated General Contractors of Illinois, (said Associations being hereinafter referred to individually and collectively as the "Association"), on behalf of themselves and their Employers members and the Mid-Central Illinois District Council of Carpenters AFL-CIO for itself, and on behalf of the local unions under its jurisdiction, all of which are affiliated with the United Brotherhood of Carpenters and Joiners of America (hereinafter referred to as the "Union"), restating the Central Illinois Carpenters Health and Welfare Trust Fund (hereinafter referred to as the "Trust Agreement");

WHEREAS, Article VIII of Trust Agreement provides that the Trustees may amend Trust Agreement by a vote of three (3) Employer Trustees and three (3) Employee Trustees;

WHEREAS, on January 9, 1997, three (3) Employer Trustees and five (5) Employee Trustees voted to amend and restate the Trust Agreement as herein stated and said Trust Agreement, as amended and restated, shall be the Agreement between the parties, effective May 1, 1997.

### ARTICLE I

### Name of Trust

The Agreement and Declaration of Trust shall be known as the CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND.

### ARTICLE II

### Definitions

1.    "Basic Agreement" means the collective bargaining agreement or other written agreement between the Association, or an Employer and the Union requiring contributions to the Fund.

1



EXHIBIT
E

4.    Every Trustee of the Trust and every person who handles funds or other property of the Fund shall be bonded for each fiscal year of the Trust in an amount not less than that which is required by applicable federal law or regulations

## ARTICLE IV

### Collections of Contributions

1.    The Trustees shall have the power to demand, collect, sue for and receive (i) Employer contributions, (ii) Employee contributions, and (iii) contributions payable under any Reciprocity Agreement between other Health and Welfare Trust Funds and the Trustees, and shall hold such monies as part of the Fund for the purpose specified in Paragraph 1 of Article III hereof.   In accordance with the policy of the Trustees, any Employer or Employee who fails to make contributions to the Fund, as required, shall be liable for interest on the unpaid contri-bution, liquidated damages in an amount not to exceed twenty percent (20%) of the unpaid contribution, and costs of collecting the unpaid contribution, including reasonable attorney fees.

2.    The Employer shall make all reports and contributions required by the Trustees.   Each Employer shall promptly furnish to the Trustees, on demand, the names of all persons employed by him, their Social Security numbers, the hours worked by each such person, and such other information as the Trustees may reasonably require in connection with the administration of the Fund.   The Trustees may, on reasonable notice, have an audit made by an independent certified public accountant or its representatives or such other person or persons as designated by the Trustees, of the payroll of any Employer in connection with the said contri-butions and/or reports.   All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Trustees from the beginning of such Employ-er's participation in the Fund, unless given written authori-zation for variance by the Trustees, and all such records shall be maintained for a period of ten (10) years unless earlier destruction of the same is authorized by the Trustees.   All Employers are required to designate the classification of all persons in his employment at a time contemporaneous with the reporting of hours worked or wages paid, and if the Employer fails to do so, the Trustees shall conduct an investigation for the purpose of determining the classification of such persons and the results of said investigation shall be conclusive for the purpose of determining whether an individual is a person on whom the Employer is required to pay contributions.

3.    In the event it becomes necessary for the Fund or Trustees to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit of the Employer's books and records, the Employer shall be liable for all reason-able costs incurred therein including court costs, attorneys

4

fees, filing fees, audit costs, and any other expenses actually incurred by the Trustees in the course of action without regard to whether the Employer owed any delinquent contributions.

## ARTICLE V

### Administration of the Fund

The Fund shall be administered by ten (10) Trustees who shall have authority to control and manage the operation and administration of the Fund. Five (5) Trustees shall be designated as Employer Trustees, and five (5) Trustees shall be designated as Employee Trustees. The five (5) Employer Trustees shall be chosen by the five (5) Associations who are signatories to this Agreement and Declaration of Trust as follows:  Central Illinois Builders of A.G.C. shall choose one (1) Employer Trustee, McLean County Contractor Group shall choose one (1) Employer Trustee, Associated General Contractors of Illinois shall choose one (1) Employer Trustee, Builders Association of Tazewell County shall choose one (1) Employer Trustee, and Greater Peoria Contractors and Suppliers Association shall choose one (1) Employer Trustee. The five (5) Employee Trustees shall be chosen by the Mid-Central Illinois District Council of Carpenters AFL-CIO with the Employee Trustees being selected from participating Local Unions. One (1) of the Trustees shall be appointed as Chairman of the Fund, and one (1) of the Trustees shall be appointed as Secretary-Treasurer, provided, however, that, if the Chairman is an Employer Trustee, then the Secretary-Treasurer shall be an Employee Trustee and, if the Chairman is an Employee Trustee, then the Secretary-Treasurer shall be an Employer Trustee.  The Trustees may appoint an Administrator, who shall serve at the pleasure of the Trustees.

## ARTICLE VI

### Concerning the Trustees

1.    The Trustees shall establish a Welfare Plan to provide benefits thereunder for Employees, Retired Employees under the age of sixty-five (65) and their dependents.  The Trustees shall have the power to determine the conditions of eligibility, benefits to be paid and to construe the provisions under such Welfare Plan.

2.    The Trustees shall have power to construe the provisions of this Agreement and Declaration of Trust and the terms used herein.

3.    The Trustees shall not receive compensation for the performance of their duties, but shall be reimbursed for expenses properly and actually incurred in the performance of their duties as Trustees.

5

**E-FILED**
Monday, 27 February, 2006  03:58:10 PM
Clerk, U.S. District Court, ILCD

Central Illinois Carpenters Health & Welfare Fund
Breakdown of Amounts due - Contributions - from Butler Construction
July 2005 through September 2005

| | |
|---|---|
| July 2005 | $1,195.20 |
| August 2005 | $ 984.00 |
| September 2005 | $ 369.35 |
| Total Contributions Due: | $2,548.55 |
| | |
| Liquidated Damages (20%) | $ 509.71 |
| | $3,058.26 |

Carpenters Pension and Retirement Savings Fund of Illinois

| | |
|---|---|
| July 2005 | $1,137.60 |
| August 2005 | $ 936.15 |
| September 2005 | $ 351.55 |
| Total Contributions Due: | $2,425.30 |
| | |
| Liquidated Damages (10%) | $ 242.53 |
| Previous Liquidated Damages | $ 82.23 |
| Interest | $ 217.24 |
| | $2,967.30 |

TOTAL AMOUNT DUE: **$6,025.56**

EXHIBIT

tables

F

MONTHLY REPORT
MAKE CHECK PAYABLE AND MAIL ALONG WITH A
COPY OF THIS REPORT TO >>>>>>>>>>>>>>>>>>>>

**CENTRAL ILLINOIS CARPENTERS**
**HEALTH AND WELFARE TRUST FUND**

PO Box 19437
Springfield, IL 62794-9437
PH:(217) 732-1919 * Fax: (217) 732-779

RFCTL#: 160

| JOB LOCATION | | RATES | | | |
|---|---|---|---|---|---|
| JACKSONVILLE 904 | | | REG | OT | DT |
| | AP | .300000 | .300000 | .300000 | |
| 05132/94000COMMERCIAL | BU | .020000 | .020000 | .020000 | |
| | DC | .910000 | .910000 | .910000 | |
| | MI | .130000 | .130000 | .130000 | |
| | NA | .040000 | .040000 | .040000 | |
| PHONE:    217-243-4545 | NL | .020000 | .020000 | .020000 | |
| | PF | .150000 | .150000 | .150000 | |
| | WL | 6.500000 | 9.75000 | 13.00000 | |
| | 94 | .230000 | .230000 | .230000 | |

CHECK HERE

☐ COMMERCIAL
☐ RESIDENTIAL
☐ HIGHWAY & HEAVY
☐ MILLSHOP
☐ NO WORK THIS MONTH
☐ FINAL-REPORT

BUTLER CONSTRUCTION
13 BRENDA DRIVE
JACKSONVILLE  IL 62650

HOURS WORKED MONTH OF

JULY                2005

| SOCIAL SECURITY NO. | EMPLOYEE (LAST NAME, FIRST NAME) | LOCAL NO. | REGULAR HRS. | OVER TIME HRS. | DOUBLE TIME HR: |
|---|---|---|---|---|---|
| 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 | FARRELL BRIAN P | 0904 | 8 | 8 | 8 |
| 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 | HART PHILIP J | 0904 | 8 | 8 | 8 |
| 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 | MILLER TERRY LYNN | 0904 | 144 | 8 | 8 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| REGULAR | | AMOUNT DUE | OVER TIME | | AMOUNT DUE | DOUBLE TIME | | AMOUNT DUE |
|---|---|---|---|---|---|---|---|---|
| OTAL HOURS | RATE | | TOTAL HOURS | RATE | | TOTAL HOURS | RATE | |
| 144 | X 8.3000 = | 1195.20 | | X 11.5500 = | | | X 14.8000 = | |

| | | DO NOT USE THIS SPACE | | | | | NOTES | |
|---|---|---|---|---|---|---|---|---|
| ECEIVED | CHECK NO. | | AMOUNT $ | | | | | |

1. THE NAMES ON THIS MONTHLY REPORT WERE LISTED BY THE FUND OFFICE AS THEY APPEARED ON YOUR PREVIOUS MONTHLY REPORT. PLEASE INDICATE ANY CORRECTIONS.

2. BE SURE TO ADD THE NAME AND CORRECT SOCIAL SECURITY NUMBER OF ALL EMPLOYEES WHO HAD WORK HOURS DURING THIS PERIOD.

3. REPORTS ARE DUE BY THE 15TH OF EACH MONTH. LATE REPORTS ARE SUBJECT TO LIQUIDATED DAMAGES OF 20% AND INTEREST ON THE AMOUNT DUE.

| PRIOR BALANCE DUE OR CREDIT AVAILABLE | |
|---|---|
| TOTAL AMOUNT DUE | |

MONTHLY REPORT
MAKE CHECK PAYABLE AND MAIL ALONG WITH A
COPY OF THIS REPORT TO >>>>>>>>>>>>>>>>>>>

**CENTRAL ILLINOIS CARPENTERS**
**HEALTH AND WELFARE TRUST FUND**

PO Box 19437
Springfield, IL 62794-9437
PH:(217) 732-1919 * Fax: (217) 732-779

RFCTL#: 159

| JOB LOCATION |
| --- |
| JACKSONVILLE 904 |

05132/94000 COMMERCIAL

PHONE:     217-243-4545

BUTLER CONSTRUCTION
13 BRENDA DRIVE
JACKSONVILLE  IL 62650

| | RATES | | |
| --- | --- | --- | --- |
| | REG | OT | DT |
| AP | .300000 | .300000 | .300000 |
| BU | .020000 | .020000 | .020000 |
| DC | .910000 | .910000 | .910000 |
| MI | .130000 | .130000 | .130000 |
| NA | .040000 | .040000 | .040000 |
| NL | .020000 | .020000 | .020000 |
| PF | .150000 | .150000 | .150000 |
| WL | 6.500000 | 9.75000 | 13.00000 |
| 94 | .230000 | .230000 | .230000 |

**CHECK HERE**

☐ COMMERCIAL
☐ RESIDENTIAL
☐ HIGHWAY & HEAVY
☐ MILLSHOP
☐ NO WORK THIS MONTH
☐ FINAL-REPORT

**HOURS WORKED MONTH OF**
AUGUST        2005

| SOCIAL SECURITY NO. | EMPLOYEE (LAST NAME, FIRST NAME) | LOCAL NO. | REGULAR HRS. | OVER TIME HRS. | DOUBLE TIME HRS |
| --- | --- | --- | --- | --- | --- |
| 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 | FARRELL BRIAN P | 0904 | 0 | 0 | 0 |
| 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 | HART PHILIP J | 0904 | 0 | 0 | 0 |
| 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 | MILLER TERRY LYNN | 0904 | 118.5 | 0 | 0 |

| REGULAR | AMOUNT DUE | OVER TIME | | AMOUNT DUE | DOUBLE TIME | | AMOUNT DUE |
| --- | --- | --- | --- | --- | --- | --- | --- |
| TOTAL HOURS   RATE<br>118.5 X 8.3000 = | 984.00 | TOTAL HOURS | RATE<br>X 11.5500 = | | TOTAL HOURS | RATE<br>X 14.8000 = | |

DO NOT USE THIS SPACE

RECEIVED | CHECK NO. | AMOUNT $ | | NOTES

1. THE NAMES ON THIS MONTHLY REPORT WERE LISTED BY THE FUND OFFICE AS THEY APPEARED ON YOUR PREVIOUS MONTHLY REPORT.
PLEASE INDICATE ANY CORRECTIONS.
2. BE SURE TO ADD THE NAME AND CORRECT SOCIAL SECURITY NUMBER OF ALL EMPLOYEES WHO HAD WORK HOURS DURING THIS PERIOD.
3. REPORTS ARE DUE BY THE 15TH OF EACH MONTH. LATE REPORTS ARE SUBJECT TO LIQUIDATED DAMAGES OF 20%
AND INTEREST ON THE AMOUNT DUE.

PRIOR BALANCE
DUE OR CREDIT
AVAILABLE

TOTAL
AMOUNT DUE

MONTHLY REPORT
MAKE CHECK PAYABLE AND MAIL ALONG WITH A
COPY OF THIS REPORT TO >>>>>>>>>>>>>>>>>>>>

**CENTRAL ILLINOIS CARPENTERS**
**HEALTH AND WELFARE TRUST FUND**

PO Box 19437
Springfield, IL 62794-9437
PH:(217) 732-1919 * Fax: (217) 732-779

RFCTL#: 174

| JOB LOCATION | | RATES | | | |
|---|---|---|---|---|---|
| JACKSONVILLE 904 | | | REG | OT | DT |
| | AP | .300000 | .300000 | .300000 | |
| 05132/94000COMMERCIAL | BU | .020000 | .020000 | .020000 | |
| | DC | .910000 | .910000 | .910000 | |
| | MI | .130000 | .130000 | .130000 | |
| | NA | .040000 | .040000 | .040000 | |
| PHONE:    217-243-4545 | NL | .020000 | .020000 | .020000 | |
| | PF | .150000 | .150000 | .150000 | |
| | WL | 6.500000 | 9.75000 | 13.00000 | |
| | 94 | .230000 | .230000 | .230000 | |

CHECK HERE

☐ COMMERCIAL
☐ RESIDENTIAL
☐ HIGHWAY & HEAVY
☐ MILLSHOP
☐ NO WORK THIS MONTH
☒ FINAL-REPORT

BUTLER CONSTRUCTION
13 BRENDA DRIVE
JACKSONVILLE  IL 62650

HOURS WORKED MONTH OF
SEPTEMBER          2005

| SOCIAL SECURITY NO. | EMPLOYEE (LAST NAME, FIRST NAME) | LOCAL NO. | REGULAR HRS. | OVER TIME HRS. | DOUBLE TIME HRS |
|---|---|---|---|---|---|
| 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 | FARRELL BRIAN P | 0904 | θ | θ | θ |
| 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 | HART PHILIP J | 0904 | θ | θ | θ |
| 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 | MILLER TERRY LYNN | 0904 | 44.5 | | |
| | | | | | |

| REGULAR | | AMOUNT DUE | OVER TIME | | AMOUNT DUE | DOUBLE TIME | | AMOUNT DUE |
|---|---|---|---|---|---|---|---|---|
| OTAL HOURS | RATE | | TOTAL HOURS | RATE | | TOTAL HOURS | RATE | |
| 44.5 | x 8.3000 = 369.35 | | x 11.5500 = | | | | x 14.8000 = | |

| | DO NOT USE THIS SPACE | | | NOTES |
|---|---|---|---|---|
| ECEIVED | CHECK NO. | AMOUNT $ | | |

1. THE NAMES ON THIS MONTHLY REPORT WERE LISTED BY THE FUND OFFICE AS THEY APPEARED ON YOUR PREVIOUS MONTHLY REPORT. PLEASE INDICATE ANY CORRECTIONS.

2. BE SURE TO ADD THE NAME AND CORRECT SOCIAL SECURITY NUMBER OF ALL EMPLOYEES WHO HAD WORK HOURS DURING THIS PERIOD.

3. REPORTS ARE DUE BY THE 15TH OF EACH MONTH. LATE REPORTS ARE SUBJECT TO LIQUIDATED DAMAGES OF 20% AND INTEREST ON THE AMOUNT DUE.

| PRIOR BALANCE DUE OR CREDIT AVAILABLE | |
|---|---|
| TOTAL AMOUNT DUE | |

CARPENTERS PENSION FUND OF ILLINOIS
CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS

**Butler Construction**                                                    **12/12/05**
Acct. #W10668

*CONTRIBUTIONS DUE*

| MONTH WORKED | AREA CODE | DESCRIPTION | HOURS | RATE | AMOUNT DUE |
|---|---|---|---|---|---|
| Jul-05 | 6401 | Local #904 Commercial | 144.00 | $ 7.90 | $ 1,137.60 |
| Aug-05 | 6401 | Local #904 Commercial | 118.50 | $ 7.90 | $ 936.15 |
| Sep-05 | 6401 | Local #904 Commercial | 44.50 | $ 7.90 | $ 351.55 |
| | | | Contributions Due | | $ 2,425.30 |
| | | | 10% LD's | | $ 242.53 |
| | | | TOTAL DUE | | $ 2,667.83 |

| | |
|---|---|
| *CONTRIBUTIONS DUE* | $ 2,667.83 |
| *STATEMENT OF LD'S (as of 11/30/05)* | $ 82.23 |
| *ATTORNEY FEES* | $ 90.00 |
| *INTEREST* | $ 217.24 |
| *TOTAL DUE* | $ 3,057.30 |

IND OFFICE COPY

**CARPENTERS WELFARE, PENSION AND**
**RETIREMENT SAVINGS FUNDS OF IL**
**PO BOX 4001**
**GENEVA, IL 60134-4001**
(630) 325-7180 • 1-800-445-5825

FOR OFFICIAL USE ONLY

**6401    JM    JOURNEYMAN**

☐ No work this month

The undersigned employer, if not already a signator, hereby becomes a signatory party to the currently applicable collective bargaining agreement with the District Council or Local of this Union covering the type and area of work of the listed employees and also to each agreement and Declaration of Trust, and amendments, establishing the funds for which payment is made herewith.

Please check here

☐ FINAL report
☐ Send more forms
☐ Change of address
☐ Change in name

PLEASE USE SEPARATE FORM FOR DIFFERENT TYPES LOCAL/TRUST    CODE

**LOCAL #904 COMMERCIAL**

REPORT MONTH

Aug 05

| SOCIAL SECURITY NUMBER | EMPLOYEE NAME | LOCAL NO. | HOURS | OT HOURS | DT HOUR |
|---|---|---|---|---|---|
| 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 | Terry L. Miller | 904 | 118.5 | -0- | -0- |

**TOTALS**

PLEASE SUPPLY BUSINESS PHONE NO.

| | 7.150 | PENSION | 5.550 | X | 118.5 | (Reg Hrs Wrkd) = $658.00 |
| | | SUPP PEN | .100 | X | 118.5 | (Reg Hrs Wrkd) = $12.00 |
| | | RETSAV(AN) | 1.500 | X | 118.5 | (Reg Hrs Wrkd) = $178.00 |
| | | One + 1/2 | 10.725 | X | | (1 + 1/2 Hrs ) = $ |
| | | Dble Time | 14.300 | X | | (Double X Hrs) = $ |

NOTE: THE NAMES ON THIS REPORT WERE LISTED ON THIS FUND OFFICE. THEY APPEARED ON YOUR PREVIOUS MONTHS REPORT. PLEASE INDICATE ANY CORRECTIONS.

BE SURE TO ADD THE NAME AND CONTRACT TOTAL WITH ANY CHANGES IF ALL EMPLOYEES WHO WERE HIRED DURING THIS PERIOD.

REPORTS ARE DUE BY THE 15TH OF EACH MONTH. LATE REPORTS ARE SUBJECT TO LIQUIDATED DAMAGES.

*Angela Butl*

BY:

TO:    MARK OHE OFFICE FAX RESULTS
**CARPENTERS BENEFITS FUND**
**OF ILLINOIS**

TOTAL AMOUNT DUE    $    848.00

FUND OFFICE COPY

**CARPENTERS PENSION AND RETIREMENT**
**SAVINGS FUNDS OF IL**
**PO BOX 4001**
**GENEVA, IL 60134-4001**

10668

6401    JM    JOURNEYMAN

BUTLER CONSTRUCTION
13 BRENDA DR
JACKSONVILLE, IL 62650

The undersigned employer, if not already a signator, hereby becomes a signatory party to the currently applicable collective bargaining agreement with the District Council or Local of the Union covering the type and area of work of the listed employees and also to each agreement and Declaration of Trust, and amendments, establishing the funds for which payment is made herewith.

PLEASE USE SEPARATE FORM FOR EACH

LOCAL #904 COMMERCIAL

SEPTEMBER 2005

| SOCIAL SECURITY NUMBER | NAME | LOCAL NO. | HOURS | OT HOURS | DT HOURS |
|---|---|---|---|---|---|
| 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 | MILLER TERRY LYNN | 904 | 44.5 | 0 | 0 |

TOTALS

|  | 7.900 |  |  |  |  |
|---|---|---|---|---|---|
|  |  | PENSION | 5.800 | X 44.5 | (Reg Hrs Wrkd) = $ 258.10 |
|  |  | SUPP PEN | .100 | X 44.5 | (Reg Hrs Wrkd) = $ 4.45 |
|  |  | RETSAV(AN) | 2.000 | X 44.5 | (Reg Hrs Wrkd) = $ 89.00 |
|  |  | One + 1/2 | 11.850 | X | (1 + 1/2 Hrs ) = $ |
|  |  | Dble Time | 15.800 | X | (Double X Hrs) = $ |

PLEASE SUPPLY BUSINESS PHONE NO.:

NOTE: THE NAMES ON THIS REPORT WERE LISTED BY DISK IF THEY APPEARED ON YOUR PREVIOUS MONTHLY REPORT. PLEASE INDICATE ANY CORRECTIONS.

BE SURE TO ADD THE NAME, NUMBER, SOCIAL SECURITY NUMBER, ADDRESS AND START DATE OF ALL EMPLOYEES WHO WERE HIRED DURING THIS PERIOD.

REPORTS ARE DUE BY THE 15th OF EACH MONTH. LATE REPORTS ARE SUBJECT TO LIQUIDATED DAMAGES.

SIGNED

MAKE ONE CHECK PAYABLE TO:
CARPENTERS BENEFITS FUNDS
OF ILLINOIS

TOTAL AMOUNT DUE    $ 351.55

CARPENTERS PENSION AND
RETIREMENT SAVINGS FUNDS OF IL
PO BOX 4001
GENEVA, IL 60134-4001
(630) 232-7166 / (800) 448-5825

STATEMENT OF LIQUIDATED DAMAGES

December 12, 2005

lıllııılıllııılılllıılllıılllııllıllıılllııllllıııılll
BUTLER CONSTRUCTION                          Employer #  10668
13 BRENDA DR
JACKSONVILLE, IL 62650

Dear Employer,

This is your statement for transactions received and
interest accrued through 11/30/2005.

| CONT. MONTH | GROUP NBR. | DUE DATE | RECEIPT DATE | RECEIPT NUMBER | CONTRIBUTION AMOUNT | AMOUNT DUE |
|---|---|---|---|---|---|---|
| 5/2005 | 6401 | 6/30/2005 | 10/03/2005 | 134739 | $1,319.30 | $81.01 |
| | | | Accrued Interest | | | $1.22 |
| | | | | | | ---------- |
| | | | | | TOTAL DUE: | $82.23 |

This statement includes payments received through the period
indicated above. Payments received after this date will be
included in the next month's report. The amount due as indicated
above is the late charges assessed at 1.5% of total contributions
received, compounded monthly at 1.5%.

**E-FILED**
Monday, 27 February, 2006  03:58:25 PM
Clerk, U.S. District Court, ILCD

CAVANAGH & O'HARA
Attorneys At Law

1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Fax (618) 222-6755

William K. Cavanagh
Michael W. O'Hara
Patrick J. O'Hara
James P. Moody

John T. Long
Britt W. Sowle

Of Counsel
Michael J. Masterson, P.C.

*Springfield Office*
407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

*Chicago Office*
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 624-3141
Telefax (312) 855-0445

January 24, 2006

*FINAL NOTICE*

Butler Construction
ATTN: Angela Butler
13 Brenda Drive
Jacksonville, Illinois 62650

RE:     *Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois*

Dear Mrs. Butler:

The Fund has agreed to enter into a three month payment plan with your company to allow you to payoff your delinquent contributions owed to the Fund.  Enclosed please find a Promissory Note and Settlement Agreement with respect to your delinquency to the above-referenced Fund. Please sign and return the Settlement Agreement and Promissory Note to our office immediately.

If we do not receive the executed Settlement Agreement along with the first payment in the amount of $339.70 by the close of business on Tuesday, January 31, 2006, we will have no other alternative but to file suit in the U.S. District Court for collection of same.  I am also enclosing an envelope for your convenience of returning the Settlement Agreement.

Yours truly,

Tami M. Williams
Paralegal

Enclosure
cc:     Sean O'Leary


EXHIBIT
G

## CAVANAGH & O'HARA
### Attorneys At Law

1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Fax (618) 222-6755

FPP 13

William K. Cavanagh
Michael W. O'Hara
Patrick J. O'Hara
James P. Moody

CA

John T. Long
Britt W. Sowle

CA

Of Counsel
Michael J. Masterson, P.C.

January 16, 2006

*Springfield Office*
407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

CA

*Chicago Office*
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 624-3141
Telefax (312) 855-0445

Butler Construction
ATTN: Angela Butler
13 Brenda Drive
Jacksonville, Illinois 62650

*RE:    Central Illinois Carpenters Health and Welfare Trust Fund*

Dear Mrs. Butler:

The Fund has agreed to enter into a three month payment plan with your company to allow you to payoff your delinquent contributions owed to the Fund. Enclosed please find a Promissory Note and Settlement Agreement with respect to your delinquency to the above-referenced Fund. Please sign and return the Settlement Agreement and Promissory Note to our office as soon as possible.

If we do not receive the executed Settlement Agreement we will have no other alternative but to file suit in the U.S. District Court for collection of same. I am also enclosing an envelope for your convenience of returning the Settlement Agreement.

Yours truly,

Tami M. Williams
Paralegal

Enclosure
cc:    Central Illinois Carpenters Health & Welfare Trust Fund/ Janet Kerns

# CAVANAGH & O'HARA
Attorneys At Law

1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Fax (618) 222-6755

William K. Cavanagh
Michael W. O'Hara
Patrick J. O'Hara
James P. Moody

ᑎᑭ

John T. Long
Britt W. Sowle

ᑎᑭ

Of Counsel
Michael J. Masterson, P.C.

*Springfield Office*
407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

ᑎᑭ

*Chicago Office*
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 624-3141
Telefax (312) 855-0445

November 15, 2005

## *SECOND AND FINAL NOTICE*

*Via Certified and Regular Mail*
Butler Construction
13 Brenda Drive
Jacksonville, Illinois 62650

**RE:    Central Illinois Carpenters Health & Welfare Trust Fund**
**July 2005 through September 2005 Contributions**

Dear Employer:

Please be advised that this firm serves as counsel to the Central Illinois Carpenters Health & Welfare Trust Fund. As such, we have been advised by the Fund that you are delinquent in submitting reporting forms and the applicable contributions for the months of **July 2005 through September 2005.**

You should be aware that if it is necessary for this firm to file suit, you will also be liable for twenty percent (20%) liquidated damages, court costs and attorney fees and costs for the collection of this delinquency.

Please submit your reporting forms and the applicable contributions for the months of **July 2005 through September 2005** *to this office within seven (7) days from the receipt of this correspondence.* Failure to do so will leave this office no other alternative but to file suit with the U.S. District Court for collection of same.

Very truly yours,

*Tami N. Williams* /b

Tami M. Williams
Paralegal

cc:    Fund Office
tmw/jb

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | 14505 |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $4.42 | UC |

Sent To  Butler Const
Street, Apt. No.; or PO Box No.  13 Brinda Dr
City, State, ZIP+4  Jacksonville ILL 62650

PS Form 3800, June 2002                 See Reverse for Instructions

7005 0390 0002 2978 1661

## CAVANAGH & O'HARA
Attorneys At Law

1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Fax (618) 222-6755

FPP-◯━◯━◯-13

William K. Cavanagh
Michael W. O'Hara
Patrick J. O'Hara
James P. Moody

C✍

John T. Long
Britt W. Sowle

C✍

Of Counsel
Michael J. Masterson, P.C.

*Springfield Office*
407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

C✍

*Chicago Office*
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 624-3141
Telefax (312) 855-0445

November 2, 2005

### *FIRST AND FINAL NOTICE*

**Via Certified and Regular Mail**
Butler Construction
13 Brenda Drive
Jacksonville, Illinois 62650

**RE:    Central Illinois Carpenters Health and Welfare Trust Fund**
         ***July 2005 through September 2005***
Dear Employer:

Please be advised that this firm serves as counsel to the Central Illinois Carpenters Health and Welfare Trust Fund. As such, we have been advised by the Fund that you are delinquent in submitting report forms and the applicable contributions for the months of July 2005 through September 2005.

You should be aware that if it is necessary for this firm to file suit, you will also be liable for twenty percent (20%) liquidated damages, court costs, and attorneys' fees and costs for the collection of this delinquency.

Please submit your report forms and applicable contributions, for the months of **July 2005 through September 2005** *to this office within ten (10) days from the receipt of this correspondence.* Failure to do so will leave this office no other alternative but to file suit with the U.S. District Court for collection of same.

Very truly yours,

*Tami M. Williams*

Tami M. Williams
Paralegal

cc:    Central Illinois Carpenters Health and Welfare Trust Fund/Janet Kerns
tmw/jb

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com™

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.42 |

Postmark Here
11-2-05
CIC

Sent To Butler Const
Street, Apt. No.; or PO Box No. Brenda Dr
City, State, ZIP+4 Jacksonville IL 62680

PS Form 3800, June 2002                    See Reverse for Instructions

7005 0390 0002 2978 1104

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Butler Construction
13 Brenda Lane
Jacksonville IL
62680

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery
                               | 1-5-05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)     7005 0390 0002 2978 1104

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-154

**E-FILED**
Monday, 27 February, 2006  03:58:36 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL ILLINOIS CARPENTERS | ) | |
| HEALTH & WELFARE TRUST FUND, | ) | |
| MID-CENTRAL ILLINOIS REGIONAL | ) | |
| COUNCIL OF CARPENTERS, MID- | ) | |
| CENTRAL ILLINOIS REGIONAL | ) | |
| COUNCIL OF CARPENTERS | ) | |
| APPRENTICESHIP FUND, CENTRAL | ) | |
| ILLINOIS CARPENTERS RETIREMENT, | ) | |
| SAVINGS FUND, CARPENTERS | ) | |
| PENSION AND RETIREMENT SAVINGS | ) | |
| FUNDS OF ILLINOIS, CARPENTERS | ) | |
| FRINGE BENEFIT FUND, and | ) | |
| CARPENTERS LOCAL NO. 904, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| TIM BUTLER d/b/a BUTLER | ) | |
| CONSTRUCTION, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT IN SUPPORT OF ATTORNEY FEES

I, BRITT W. SOWLE, having first been duly sworn on oath, states that the following

itemization accurately represents the time and costs expended by me in this cause:

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 11/4/05 | Preparation of demand letter to employer for delinquent contributions owed to the Fund.  Transmittal of same via certified and regular mail. | 0.60 |
| 11/10/05 | Preparation of second and final demand letter to employer for delinquent contributions. Transmittal via certified and regular mail. | 0.40 |
| 12/7/05 | Received and reviewed correspondence and reporting forms from delinquent employer and request for payment plan. Left message | |

EXHIBIT

H

|          | for employer regarding same. Preparation of correspondence to Janet Kerns with the Fund Office regarding same. | 1.00 |
|----------|---|---|
| 12/8/05  | Telephone conference with Angela Butler regarding payment plan. Review file. Preparation of draft payment plan. | 0.80 |
| 12/12/05 | Received and reviewed correspondence from Debbie French requesting copies of reporting forms submitted by delinquent employer. Preparation of fax to Debbie French. | 0.50 |
|          | Telephone conference with Sean O'Leary regarding Settlement Agreement and Promissory Note. Telephone conference with Angela Butler regarding same. Left message for Sean O'Leary regarding same. | 0.50 |
| 12/13/05 | Preparation of draft Promissory Note and Settlement Agreement for delinquent contributions due and owing. Preparation of email to Janet Kerns regarding asme. | 1.20 |
| 1/10/06  | Preparation of correspondence to Janet Kerns of the Fund Office regarding payment plan requested by Angela Butler. Review file. | 0.20 |
| 1/16/06  | Preparation of redrafted Promissory Note and Settlement Agreement. Preparation of letter to Angela Butler regarding same. | 1.00 |
| 1 /23/06 | Telephone conference with Sean O'Leary regarding executed Promissory Note and Settlement Agreement. Review file. Preparation of letter to Angela Butler. Telephone conference with Angela Butler regarding same. Additional telephone conference with Sean O'LEary. | 0.75 |
| 2/17/06  | Review file. Telephone conference with Angela Butler demanding payment in full. | 0.30 |
| 2/21/06  | Review file. Preparation of draft complaint for delinquent contributions. Preparation of draft Affidavit in Support of Attorney Fees. | 1.80 |
| 2/22/06  | Finalize Complaint. Preparation of Certificate of Interest, Summons and Civil Coversheet. Assemble Exhibits. File same with the United States District Court via electronic filing. | 1.00 |
| 2/22/06  | Preparation of correspondence to U.S. District Court enclosing filing fee. | 0.30 |

|          | TOTAL HOURS 9.35x $90.00 PER HOUR | $841.50 |
|----------|---|---|
|          | TOTAL HOURS 1.00 x $185.00 PER HOUR | $185.00 |
| 2/22/06  | U.S. District Court - Filing Fee | $250.00 |
| 2/22/06  | Morgan County Sheriff's Fee | $ 30.00 |

|          | **TOTAL COSTS AND FEES** | **$1,306.50** |
|----------|---|---|

FURTHER THIS AFFIANT SAYETH NAUGHT.

By:  s/ Britt W. Sowle

**BRITT W. SOWLE**
**CAVANAGH & O'HARA**
**Attorneys for Plaintiffs**
1609 North Illinois Street
Swansea, Illinois 62226
Telephone:    (618) 222-5945
Facsimile:    (618) 222-6755
britt@cavanagh-ohara.com

SUBSCRIBED and SWORN to before me this 22nd day of February 2006.

Notary Public

OFFICIAL SEAL
**TAMARA M. STICE**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-26-2006